Singh v. Holder

BIA
Cheng, IJ
A087 164 703

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of October, two thousand thirteen.

PRESENT:
> JOSÉ A. CABRANES,
> REENA RAGGI,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

KAMALDEEP SINGH,
> *Petitioner,*

v.                                              12-376
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Jaspreet Singh, Jackson Heights, New York.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Edward J. Duffy, Senior Litigation Counsel; John M. McAdams, Jr., Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Kamaldeep Singh, a native and citizen of India, seeks review of a December 30, 2011, decision of the BIA affirming the April 27, 2010, decision of Immigration Judge ("IJ") Mary Cheng, which pretermitted his asylum application as untimely, and denied his applications for withholding of removal and for relief under the Convention Against Torture ("CAT"). *In re Kamaldeep Singh*, No. A087 164 703 (B.I.A. Dec. 30, 2011), *aff'g* No. A087 164 703 (Immig. Ct. N.Y. City April 27, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

**I. Asylum - Pretermission**

Singh challenges the agency's pretermission of his asylum application as untimely, asserting that he was excepted from the one year limitation because he had been pursuing an adjustment of status based on his marriage to a U.S. citizen. Although we lack jurisdiction to review pretermission, *see* 8 U.S.C. § 1158(a)(3), (a)(2)(B),

2

(a)(2)(D), we retain jurisdiction to review constitutional claims and "questions of law," 8 U.S.C. § 1252(a)(2)(D). While Singh's argument raises a question of law, *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir. 2006), it lacks merit. As the IJ found, the denial of adjustment of status does not constitute a changed circumstance because it does not affect an individual's eligibility for asylum, which turns solely on the alien's fear of persecution. *See* 8 U.S.C. § 1158(b)(1)(A), (a)(2)(D) (requiring that a changed circumstance be material to the claim for asylum).

**II. Withholding of Removal**

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). For applications such as Singh's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's

3

claim." *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167. In this case, the IJ's adverse credibility determination is supported by substantial evidence.

The IJ reasonably based her credibility finding on Singh's inconsistent testimony, omissions in his testimony, his non-responsiveness, and his lack of documentary evidence. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

First, the IJ relied on inconsistencies and omissions in Singh's testimony, including the following: (1) Singh's testimony that he had not suffered internal injuries, though his asylum application specifically mentioned both internal and external injuries; (2) his failure to mention a 2005 arrest and detention for political activities in his application; and (3) the omission of the 2005 arrest from his uncle's letter. The IJ reasonably relied on these

4

inconsistencies and omissions in making her adverse credibility determination. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin,* 534 F.3d at 167 (providing that an IJ may support an adverse credibility determination with "any inconsistency or omission").

Moreover, the IJ was not required to credit Singh's explanations for these inconsistencies and omissions. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Although Singh stated that he meant to testify that he did not suffer internal *fractures,* and that he thought his 2005 arrest was too minor to mention in his application, he also stated that his memory, and his uncle's, had faded over time. Because these explanations were unpersuasive and did not resolve the inconsistencies, the agency was not required to credit them. *See id.* (providing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

The adverse credibility determination is further supported by Singh's non-responsiveness. For example, when Singh was asked how he practiced his Sikh faith in India, he responded by talking about how Sikhs are attacked in India.

5

Similarly, when asked how he practices his faith in the United States, he responded only that Sikhs are free in this country. He did not mention that he attends a "gurdwara" until asked directly. Because the IJ's demeanor finding was tied to these instances of non-responsiveness and the above-mentioned inconsistencies, we defer to that finding. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 109 (2d Cir. 2006).

Given the discrepancies and Singh's lack of responsiveness, the IJ did not err in requiring additional corroboration. *See Biao Yang,* 496 F.3d at 273. The letter from Singh's uncle did not mention the 2005 arrest, even though Singh testified that his uncle had paid a large bribe to secure his release, nor did Singh offer any evidence that he is a Sikh, or has been involved with the United Sikh movement, or medical evidence of his injuries. Because, as the BIA noted, much of this evidence was reasonably available, as Singh claims to attend gurdwara with other Sikhs, and he could have obtained a medical report from a doctor in the United States, the lack of corroboration provides further support for the adverse credibility determination. *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009); *Biao Yang*, 496 F.3d at 273. Because the

only evidence of a threat to Singh's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes a grant of withholding of removal.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

**III. CAT**

Finally, Singh argues that the IJ failed to do a complete CAT analysis.  However, as the BIA found, Singh failed to meaningfully challenge the denial of CAT relief before the BIA.  Because the claim is not exhausted, we lack jurisdiction to review it.  *See* 8 U.S.C. § 1252(d)(1); *see also Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review,the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7